**THE LAW OFFICES OF JACOB ARONAUER**
Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LUIS LOPEZ, on behalf of himself
and others similarly situated,

                                     **Plaintiff,**          COMPLAINT

      -against-                                             FLSA COLLECTIVE
                                                                   ACTION

**INDIEFORK HOSPITALITY, LLC,**
**INDIEFORK TIMES SQUARE, LLC,**                      ECF CASE
**INDIEFORK WALKER, LLC,**
**INDIEFORK GOSPEL, LLC d/b/a**
**CHALK POINT KITCHEN and THE**
**HANDY LIQUOR BAR, and**
**MATT LEVINE and ADAM MACIEJEWSKI,**
**individually,**

                                        **Defendants.**
------------------------------------------------------------------------X

Plaintiff Luis Lopez ("Plaintiff Lopez" or "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Indiefork Hospitality LLC, Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC d/b/a Chalk Point Kitchen and The Handy Liquor Bar, and Matt Levine ("Levine") and Adam Maciejewski ("Maciejewski"), individually (collectively herein the "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff and all similarly situated employees to recover unpaid overtime compensation under the Fair Labor Standards Act ("FLSA") and New

York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked at the restaurants controlled and operated by Matt Levine and Adam Maciejewski.

2. Plaintiff brings this action on behalf of himself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the restaurants owned and controlled by the Defendants located in New York, New York.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act, for the Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants for Defendants' unlawful actions, compensation for Defendants' failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

# PARTIES

**Plaintiff Luis Lopez**

8. Plaintiff Lopez is an adult individual residing in the Queens, New York.

9. Plaintiff Lopez was employed at Chalk Point Kitchen and The Handy Liquor Bar at 527 Broome Street, New York, New York as a cook.

10. Plaintiff Lopez was hired to work at the Chalk Point Kitchen and The Handy Liquor Bar in September 2014.

11. Plaintiff Lopez is a covered employee within the meaning of the FLSA and the NYLL.

**Defendants**

12. On information and belief, since May 2014, Defendants Levine and Maciejewski have owned and maintained control, oversight, and the direction of Chalk Point Kitchen, a seafood restaurant located at 527 Broome Street, New York, NY 10013.

13. On information and belief, since May 2014, Defendants Levine and Maciejwski have owned and maintained control, oversight, and the direction of The Handy Liquor Bar, a bar located at 527 Broome Street, New York, NY 10013.

14. Defendant Levine is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/agent of Chalk Point Kitchen and The Handy Liquor Bar.

15. Defendant Maciejewski is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer, and/agent of Chalk Point Kitchen and The Handy Liquor Bar.

16. Defendants Levine and Maciejewski exercised sufficient control over Chalk Point Kitchen and The Handy Liquor Bar to be considered Plaintiff's employer under the

FLSA and the NYLL, and at all times material hereto said Defendant had the authority to hire and fire employees and established and maintained policies regarding the pay practices at Chalk Point Kitchen and The Handy Liquor Bar.

17. Defendants Levine and Maciejewski operate Chalk Point Kitchen and The Handy Liquor Bar as a single integrated enterprise. Specifically, Chalk Point Kitchen and The Handy Liquor Bar are engaged in related activities and have a common business purpose.

18. At all times relevant to this action, Chalk Point Kitchen has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

19. At all times relevant to this action, The Handy Liquor Bar has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

20. On information and belief, Defendant Chalk Point Kitchen has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person; and (2) an annual gross volume of sales in excess of $500,000.00.

21. On information and belief, Defendant The Handy Liquor Bar has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person; and (2) an annual gross volume of sales in excess of $500,000.00.

22. On information and belief, Chalk Point Kitchen and The Handy Liquor Bar operate as a single integrated enterprise and collective have (1) employees engaged in commerce or

in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

23. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and other similarly situated cooks who are current and former employees of Chalk Point Kitchen and The Handy Liquor Bar since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

24. The FLSA Collective consists of approximately 15 similarly situated current and former cooks at Chalk Point Kitchen and The Handy Liquor Bar who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

25. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

26. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

5

27. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

28. The position of cook is not exempt and has never been exempt. Cooks, though, are not paid overtime for all hours worked in excess of forty (40) hours per week.

29. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

30. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

31. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

32. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate

or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

## FACTS

**Matt Levine and Adam Maciejewski's Restaurants**

33. On information and belief, Levine and Maciejewski are the owners of Chalk Point Kitchen and The Handy Liquor Bar.

34. Chalk Point Kitchen is a restaurant located at 527 Broome Street, New York, NY 10013.

35. Upon information and belief, Chalk Point Kitchen opened in May 2014.

36. The Handy Liquor Bar is a bar also located at 527 Broome Street, New York, NY 10013.

37. Upon information and belief, The Handy Liquor Bar opened in May 2014.

38. Levine and Maciejewski operate Chalk Point Kitchen and The Handy Liquor Bar as a single integrated enterprise. Specifically, both are located in the same address 527 Broome Street, New York, NY 10013.

**Plaintiff Lopez's Employment at the Chalk Point Kitchen**

39. Plaintiff Lopez has worked as a cook for Defendants from on or about about September 2014 through August 27, 2017.

40. Throughout Plaintiff Lopez's employment with Defendants, he was scheduled to work more than 40 hours each week.

41. Throughout his employment with Defendants, even though Plaintiff Lopez was not exempt, he was not paid overtime in compliance with the FLSA and NYLL.

42. Throughout Plaintiff Lopez's employment, Defendants never required Plaintiff to "clock in" or "clock out."

43. Throughout Plaintiff's employment, Defendants paid Plaintiff by check.

44. Throughout Plaintiff's employment with Defendants, Plaintiff was never provided any information by Defendants with respect to the amount of hours he worked.

45. In addition, the pay stub provided by Defendants to Plaintiff incorrectly listed him as being paid by the day.

46. Plaintiff should have been paid by the hour since he was not exempt under the FLSA.

47. Throughout his employment, Plaintiff Lopez never received the correct notation as to his rate of pay or hours worked.

48. On August 28, 2017, Plaintiff Lopez's employment with Defendants ceased.

**Plaintiff Lopez's Work**
**Schedule and Salary at the Chalk Point**

49. From September 2014 through about April 2016, Plaintiff Lopez worked Monday through Friday from 10am to 8pm.

50. Plaintiff was paid $125 a day during this time period.

51. Plaintiff worked a total of 50 hours per week during this time period.

52. From April 2016 through August 27, 2017, Plaintiff Lopez worked Thursday through Tuesday (only having Wednesday off) from 9am to 5pm.

53. Plaintiff was paid $125 a day during this time period.

54. Plaintiff worked a total of 48 hours per week during this time period.

55. Throughout the entire duration of Plaintiff's employment with Defendants, he never received a lunch or dinner break. In fact, Plaintiff Lopez never received any breaks throughout his employment with Defendants.

# FIRST CAUSE OF ACTION
## Fair Labor Standards Act-Overtime Wages
### (on behalf of Plaintiff and the FLSA Collective Class)

56. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

57. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff.

58. Plaintiff worked in excess of forty hours during some workweeks in the relevant period.

59. Defendants willfully failed to pay Plaintiff the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

60. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

61. Because Defendants' violations of the FLSA have been willful, a three year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

62. As a result of Defendants' willful violations of the FLSA, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et se*.

## SECOND CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime
### (on behalf of Plaintiff)

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants failed to pay Plaintiff the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

65. Defendants failed to pay Plaintiff one and one-half times the full minimum wage for all work in excess of forty hours per workweek.

66. Through their knowing or intentional failure to pay Plaintiff overtime wages for hours works worked in excess of forty hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

67. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### (on behalf of Plaintiff)

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants have willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; hourly rate or

rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

70. Through their knowing or intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations.

71. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each workweek before December 29, 2014 and fifty dollars for each day beginning on December 29, 2014 that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
### New York Labor Law-Failure to Provide Wage Statements
### (on behalf of Plaintiff)

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants have willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day,

week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

74. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

75. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of one hundred dollars for each workweek before December 29, 2014 and two hundred and fifty dollars for each workday beginning on December 29, 2014 that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants Indiefork Hospitality LLC, Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC d/b/a Chalk Point Kitchen and The Handy Liquor Bar, and Matt Levine and Adam Maciejewski jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of this action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of this action;

(c) Damages for unpaid overtime due to Plaintiff and the FLSA Collective in an amount to be determined at the trial of this action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of this action;

(d) Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of five thousand hundred dollars as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For prejudgment interest on the foregoing amounts;

(h) For the costs and disbursements of this action, including attorneys' fees; and

(i) For such other further and different relief as this Court deems just and proper.

Dated: September 15, 2017
      New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

Respectfully submitted,

*/s/ Jacob Aronauer*_____
Jacob Aronauer
*Attorney for Plaintiff*