JACOB ARONAUER, ESQ.
Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

November 6, 2017

**Via ECF and Regular Mail**
Hon. Lorna G. Schofield
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Luis Lopez v. Matt Levine, et al.
               17-cv-7051 (LGS)

Dear Judge Schofield:

      Plaintiff Luis Lopez ("Plaintiff") and Defendants Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC and Matt Levine, individually (collectively, the "Listed Defendants") jointly request that your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as Exhibit A.

      Plaintiff sued for unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.* and the New York Labor Law ("NYLL"). Plaintiff also sought statutory damages based on the Listed Defendants alleged failure to provide certain notices that are required under the NYLL. The Listed Defendants claim that Plaintiff at all times was paid all the amounts that were due and that their actions fully complied with federal and state law.

      There were a number of hotly contested issues. Plaintiff claims he was required to perform overtime but was not paid time and one half. The Listed Defendants deny all of Plaintiff's allegations of unlawful practices and policies. Furthermore, the Listed Defendants maintained that Plaintiff's assertion of the number of overtime hours worked were inflated. The Listed Defendants also maintained that Plaintiff was not entitled to any liquidated damages in the event that he was found to have not been paid time and one half for all overtime worked.

      Plaintiff believes that if he were to prevail on all of his claims, inclusive of attorney fees, the New York Wage Theft Prevention Act and liquidated damages, the total amount would be approximately $32,000.00. If the Listed Defendants prevailed on their defenses, Plaintiff would not be entitled to any recovery. The gross settlement amount is $17,500.00, and the settlement agreement provides that this amount will be

allocated as follows: Plaintiff will receive $11,500.00 and (2) Plaintiff's counsel will receive $6,000.00, to be paid in one lump sum. The foregoing settlement was reached after settlement discussions following the filing and serving of the complaint and Plaintiff's request to move for conditional certification.

I ask that the Court note that the retainer agreement I had with my client called for this office to receive one-third of any recovery and, in addition, to be reimbursed for all court expenses. However, in light of the fact that this office was able to obtain a quick g recovery for Plaintiff, I volunteered to take less than set forth in my retainer agreement. Often times in FLSA cases against small businesses (as present here), settling the case earlier enables one's client to receive the best overall possible outcome.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." *Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of his hours worked is sufficient to prove the hours that he worked and the wages that he received, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), his recollection is not binding on the fact finder. Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to his claimed hours.

The settlement provides Plaintiff with a certain monetary amount., If Plaintiff had prevailed on his claims, he might have received all of his unpaid wages and his liquidated damages. However, if the Listed Defendants' defenses were given credence, Plaintiff would recover significantly less than his claimed unpaid wages and potentially nothing.. Given the sharp divisions in the parties' version of events, the fact that all trial witnesses would have an interest in the outcome and the documentary evidence available, this range of recovery is reasonable.

The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings and spares the Listed Defendant the burden and cost of defending this matter. Furthermore, upon full payment Plaintiff has agreed to immediately withdraw the case with prejudice against Defendant Adam Maciejewski. This ensures that upon full payment by the Listed Defendants, this matter will be put to rest.

Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues. We jointly request the settlement

agreement's approval. *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at *. 6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

Respectfully submitted,

Jacob Aronauer
*Attorney for Plaintiff*

cc: **Via ECF**
    Mr. Jacob Lewin, Esq.
    *Attorney for Listed Defendants*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
LUIS LOPEZ, on behalf of himself                Docket No. 17-cv-07051
and others similarly situated,                  (LGS)

          Plaintiff, **PROPOSED**
     -against-        **SETTLEMENT**
                 **AGREEMENT AND**
INDIEFORK TIMES SQUARE, LLC, **RELEASE**
INDIEFORK WALKER, LLC,
INDIEFORK GOSPEL, LLC d/b/a
CHALK POINT KITCHEN and THE
HANDY LIQUOR BAR, and
MATT LEVINE and ADAM
MACIEJEWSKI, individually,
          Defendants.
-------------------------------------------------------------

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between Luis Lopez ("Lopez"), on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Plaintiff"), and Matt Levine, individually, Indiefork Times Square, LLC; Indiefork Walker, LLC; Indiefork Gospel, LLC d/b/a Chalk Point Kitchen and The Handy Liquor Bar along with their parent(s), subsidiaries, divisions, affiliates or other related entities, including but not limited to 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen and IndieFORK, LLC, and all of its and their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities, and for the benefit of the individual defendants' agents, assigns, attorneys, heirs, successors, executors and administrators (the "Listed Defendants").

**WHEREAS,** Plaintiff filed, in the United States District Court for the Southern District of New York, a complaint under the docket 17-cv-07051 (LGS) in an action asserting violations of the Fair Labor Standards Act and New York Labor Law (hereinafter, the "Complaint"); and

**WHEREAS,** Plaintiff and the Listed Defendants desire to fully and finally resolve and settle in full all claims that parties had, have, or may have against any of the other parties, including all claims and issues that were or could have been raised in the Complaint relating to the respective alleged employments of Plaintiff by Defendants;

**NOW, THEREFORE,** Plaintiff and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1. **No Admission of Liability**: By entering into this Agreement, the parties do not in any way admit liability or wrongdoing toward each other or anyone else, either implicitly or explicitly. Neither this Agreement nor anything it contains constitutes, or is intended to constitute, any finding of fact, admission of liability or assessment of liability by the parties under any law, ordinance, rule, regulation or order with respect to any claim that any other person has asserted, could have asserted or may assert concerning Plaintiff's alleged employment with Defendants. The parties have consistently denied, and continue to deny, each and every allegation of wrongdoing made by the other, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

2. **Dismissal of Pending Action**: For and in consideration of the promises outlined in Paragraph 4 and elsewhere in this Agreement, Plaintiff and their attorneys agree that upon full payment by Defendants, they shall: (1) file the Stipulation and Order of Dismissal with Prejudice, attached hereto as Exhibit A, to effectuate a voluntary dismissal with prejudice of the Pending Action subject to the Court's approval; and (2) not re-file these causes of action, or any other causes of action against the Listed Defendants arising from matters that were encompassed, or could have been encompassed, or raised in the Pending Action; (3) cease all efforts to recruit

past, present, or future, employees of the Listed Defendants for the same or similar causes of action against Defendants, including but not limited to, Jose Campos, Pamela Scarlett and the cleaner, Gaspar.

3. **Consideration**: Upon the full execution of this Agreement and the Stipulation of Dismissal with Prejudice (in the form annexed hereto as Exhibit A), the Listed Defendants agree to pay Plaintiff a total sum of Seventeen Thousand Five Hundred Dollars and No Cents ($17,500.00) in one lump as provided in Paragraph 4 herein. Plaintiff agrees and affirms that this payment shall constitute the entire amount of monetary consideration provided to him and his legal counsel under this Agreement and that neither Plaintiff nor his legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiff's relationship with the Listed Defendants unless the Listed Defendants fail to abide by the terms of the Agreement. Plaintiff further represents that both he, and Plaintiff's counsel, are not aware of any other, former or current employees of the Listed Defendants with similar claims as those encompassed, asserted or raised in the Pending Action.

4. **Pay Schedule**: The Listed Defendants agree to pay to Plaintiff a total sum of Seventeen Thousand Five Hundred Dollars and Zero cents ($17,500.00) (the "Payment"), within fifteen (15) calendar days following with the Court's final approval of this Agreement, The Listed Defendants shall deliver to Plaintiff's counsel The Law Offices of Jacob Aronauer, c/o Jacob Aronauer, Esq., 225 Broadway, 3rd floor, New York, New York 10007, the following payments:

One check will be in the gross amount of Eleven Thousand One Hundred Sixty Seven Dollars and Zero cents ($11,500.00) to Luis Lopez, and a second check will be in the gross

amount of Six Thousand and Zero cents ($6,000.00) to The Law Offices of Jacob Aronauer for attorneys' fees and expenses. Plaintiff represents that its counsel, The Law Offices of Jacob Aronauer, shall receive $6,000.00 for attorneys' fees, costs and expenses from this settlement amount.

5. **Taxes**: Plaintiff agrees that he will be solely responsible for any and all taxes payable by each of them with respect to the Settlement Payments, and agrees that he will file the appropriate income tax return(s) for calendar year 2017 or 2018, whichever is applicable, reflecting the above payments, and will pay the taxes related thereto in a timely manner.

6. **Additional Payment in Event of Default**: Plaintiff agrees that if a breach of Paragraph 4 (Payment Schedule) occurs, Plaintiff's counsel will provide a fifteen (15) business days-notice to cure Defendants' breach by sending a written notice of the breach by facsimile and email transmission to the Listed Defendants' counsel Jacob Lewin at jelewin@arfdlaw.com. In the event that the Listed Defendants fail to timely cure within fifteen (15) days, Plaintiff shall be entitled to submit a judgment for entry by Affidavit of Confession of Judgment along with reasonable attorneys' fees without further notice against 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen or Matt Levine, individually, in the United States District Court, Southern District of New York, for the settlement sum along with reasonable attorneys' fees.

7. **Release of Individual Defendant Adam Maciejewski:** Upon full payment by the Listed Defendants, Plaintiff will release Defendant Adam Maciejewski with prejudice.

8. **Affidavit of Confession of Judgment:** Defendant Matt Levine shall execute the Affidavit of Confession of Judgment, annexed hereto as Exhibit B, and return it to Plaintiff's counsel with this executed Agreement. The original Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel and, upon satisfaction of the payment obligations

set forth in this Agreement, shall be destroyed. Plaintiff's attorney will send an affirmation to Defendants' attorney stating that the Listed Defendants have fully satisfied the conditions of the Stipulation of Settlement, and that the Confession of Judgment has been destroyed.

8. **Releases by Parties:**

a. In consideration of the promises and payments provide in this Agreement. Plaintiff hereby irrevocably and unconditionally waive, release and forever discharge the Listed Defendants arising out of or related to those matters that are the subject of the above-reference lawsuit, i.e. the Fair Labor Standards Act, the New York Labor Law, the New York Hospitality Wage Order, and the New York Restaurant Industry Wage Order, and in particular any claim for unpaid wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties, and other related penalties, and other related penalties, as well as all associated attorneys' fees and costs.

b. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for the Listed Defendants and it does not release or discharge any claims that may occur after that date.

c. In consideration of the promises herein, Defendants, individually together with, but not limited to, their respective owners, affiliates, subsidiaries, parent corporations, spouses, estates, descendants, heirs, successors, assigns, agents, insurers, reinsurers, and present and former officers, directors, shareholders, partners, employees and attorneys hereby completely, unconditionally and forever releases, acquits and discharges Plaintiff and successors, agents and assigns, from any and all claims in relation to their claims in the complaint, against the Plaintiff.

9. **No Employment by Plaintiff**: Plaintiff, Luis Lopez, who is no longer employed by Defendants, agrees and promises not to seek employment with Defendants, nor any of its

parent(s), subsidiaries, divisions, affiliates or related entities. Plaintiff further agrees and acknowledges that this Agreement shall constitute good and sufficient cause on which the Listed Defendants may reject any application for employment by Plaintiff or on his behalf and that such rejection would not constitute a violation of any law.

10. **Non-Disclosure and Communications**:

a. Plaintiff and Plaintiff's counsel will not discuss the terms of this Agreement on social media. Plaintiff is prohibited from initiating contact with individuals to discuss the Settlement. However, nothing will bar Plaintiff from discussing the Agreement if Plaintiff is solicited to discuss the Agreement. This includes former or current employees of Defendants.

b. Plaintiff's Counsel confirms that they will not advertise or otherwise solicit clients by using this Lawsuit or Agreement and will not upload and, if applicable, have removed any reference from their website and any promotional material about the Lawsuit or the Settlement Agreement.

c. Nothing in this Agreement shall prevent the Listed Defendants from filing any required regulatory disclosures regarding the Lawsuit or complying with its obligations under the law.

d. Plaintiff's Counsel will promptly notify Defendants' Counsel of any third-party request and/or demand that they disclose information pertinent to this Agreement, specifying the identity or identities of the individuals or entities making such a demand.

11. **Non-disparagement:** Plaintiff agrees not to make, utter, speak, write, or in any other manner, transmit or communicate to any person or entity any disparaging remark about any of Defendants. The Listed Defendants agree not to make, utter, speak, write, or in any other manner, transmit or communicate to any person or entity any disparaging remark about Plaintiff.

This paragraph, though, shall not be interpreted to prevent Plaintiff from making truthful statements concerning the Fair Labor Standards Act claims and defenses asserted in this action. This includes, but is not limited to, having to testify at a deposition or at a trial.

12. **Governing Law**: This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law considerations, and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

13. **Jurisdiction**: By entering into this Agreement, the parties hereby agreed that the Southern District of New York ("SDNY"), United States District Court retains jurisdiction of this matter.

14. **Enforceability**: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

15. **Interpretation of Agreement:** The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

16. **Headings:** The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

17. **Voluntary Agreement:** Plaintiff and the Listed Defendants agree and affirm that:

    a. They have carefully read and fully understand all of the provisions of this Agreement;

    b. They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

    c. They have been given a reasonable time to consider their rights and obligations under this Agreement and to consult with an attorney before executing it;

    d. They have consulted with their attorney of choice before executing this Agreement;

    e. This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the Complaint.

    f. No promise or representation of any kind or character has been made by any of the Listed Defendants or by anyone acting on their behalf to induce this Agreement, and that they have not been forced or pressured in any way to sign this Agreement;

    g. They are, through this Agreement, releasing all of the Listed Defendants from any all claims that they may have against any of them in exchange for the payment described herein;

    h. They knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

18. **Complete Agreement:** This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified,

superseded, canceled or terminated except by an express written agreement duly executed by all the parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

19.  **Counterparts:** This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.  A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

**WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Dated: _____          _____
                                        LUIS LOPEZ

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____

On this ___ day of _____, 2017, before me, the undersigned, appeared LUIS LOPEZ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Dated: _____          _____
                                        MATT LEVINE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF _____

On this ___ day of _____, 2017, before me, the undersigned, appeared MATT LEVINE personally known to me or proved to me on the basis of satisfactory evidence to be that

individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

Dated: _____

                                                                         Indiefork Times Square, LLC,
Indiefork Walker, LLC,
Indiefork Gospel, LLC, d/b/a
Chalk Point Kitchen and The
Handy Liquior Bar
BY: ___MATT LEVINE_____
TITLE: _OWNER_____

STATE OF NEW YORK   )
                              ) ss.:
COUNTY OF _____

      On this ___ day of _____, 2017, before me, the undersigned, appeared JACOB ARONAUER personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and represented, under oath, that he is not aware of any other, former employees of the Listed Defendants with similar claims as those encompassed, asserted or raised in the Pending Action.

_____
Notary Public

Dated: _____

                                                                          JACOB ARONAUER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS LOPEZ, on behalf of himself
and other similarly situated,

                        Plaintiff,

-against-

INDIEFORK TIMES SQUARE, LLC,
INDIEFORK WALKER, LLC,
INDIEFORK GOSPEL, LLC d/b/a
CHALK POINT KITCHEN and THE
HANDY LIQUOR BAR, and
MATT LEVINE and ADAM
MACIEJEWSKI, individually,

                        Defendants.

Docket No. 17-cv-07051
(LGS)

**STIPULATION AND
ORDER OF DISMISSAL**

---

IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, through the undersigned counsel, that the action (and all claims and causes of action that were or could have been asserted in it) be withdrawn, discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

Dated: _____, 2017

By: Jacob Aronauer, Esq.
THE LAW OFFICE OF JACOB ARONAUER
225 Broadway, 3rd floor
New York, New York 10007
*Attorney for Plaintiff*

Dated: _____, 2017

By: Jacob Lewin, Esq.
AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
600 3rd Avenue
New York, NY 10016
*Attorney for the Listed Defendants*

**SO ORDERED.**
Dated: _____, 20__

                        Hon. Lorna G. Schofield

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

LUIS LOPEZ, on behalf of himself
and other similarly situated,

Docket No. 17-cv-07051
(LGS)

Plaintiff,

-against-

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

INDIEFORK TIMES SQUARE, LLC,
INDIEFORK WALKER, LLC,
INDIEFORK GOSPEL, LLC d/b/a
CHALK POINT KITCHEN and THE
HANDY LIQUOR BAR, and
MATT LEVINE and ADAM
MACIEJEWSKI, individually,

Defendants.

---------------------------------------------------------------

STATE OF NEW YORK    )
                     ): ss:
COUNTY OF NEW YORK   )

MATT LEVINE, being duly sworn, deposes and says:

1. I, Matt Levine, am an owner of 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen, incorrectly sued herein as Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC, d/b/a Chalk Point Kitchen and The Handy Liquor Bar, and has an address at 525 Broome Street, New York, NY 10013.

2. I have authority to sign on behalf of 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen, incorrectly sued herein as, Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC, d/b/a Chalk Point Kitchen and The Handy Liquor Bar and am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen, incorrectly sued herein as Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC, d/b/a Chalk Point Kitchen and The Handy Liquor Bar.

3. I, Matt Levine individually, hereby confess judgment and authorize entry of judgment against myself and 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen, incorrectly sued herein as Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC, d/b/a Chalk Point Kitchen and The Handy Liquor Bar ("collectively Defendants"), jointly and severally, in favor of Plaintiff for the sum of Thirty-Thousand Dollars and Zero Cents ($30,000), pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement"), entered into and

signed by Plaintiff and the Listed Defendants in the above-captioned proceeding, together with statutory costs and pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment and interest on the judgment as provided in 28 U.S.C. § 1961.

4. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

6. I hereby represent my understanding that upon the Listed Defendants' breach of the Settlement, Plaintiff shall have the unqualified rights to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the corporations stated herein, collectively or individually, have any ownership interest.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, The Law Offices of Jacob Aronauer, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release. Plaintiff's attorney will send an affirmation to the Listed Defendants' attorney stating that the Listed Defendants have fully satisfied the conditions of the Stipulation of Settlement, that the Confession of Judgment has been destroyed.

_____
MATT LEVINE

Dated:_____

Sworn to before me this
day of _____, 2017

_____
Notary Public

{02065482.DOCX } 13