UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS LOPEZ, on behalf of himself
and others similarly situated,

                              Plaintiff,

-against-

INDIEFORK TIMES SQUARE, LLC,
INDIEFORK WALKER, LLC,
INDIEFORK GOSPEL, LLC d/b/a
CHALK POINT KITCHEN and THE
HANDY LIQUOR BAR, and
MATT LEVINE and ADAM
MACIEJEWSKI, individually,

                              Defendants.

Docket No. 17-cv-07051
(LGS)

**SETTLEMENT AGREEMENT AND RELEASE**

---

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release of All Claims ("Agreement") is made and entered into by and between Luis Lopez ("Lopez"), on behalf of himself, his agents, assigns, attorneys, heirs, successors, executors and administrators ("Plaintiff"), and Matt Levine, individually, Indiefork Times Square, LLC; Indiefork Walker, LLC; Indiefork Gospel, LLC d/b/a Chalk Point Kitchen and The Handy Liquor Bar along with their parent(s), subsidiaries, divisions, affiliates or other related entities, including but not limited to 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen and IndieFORK, LLC, and all of its and their incumbent and former officers, directors, owners, shareholders, investors, agents, attorneys, employees, fiduciaries, successors, assigns and representatives, in their individual and/or representative capacities, and for the benefit of the individual defendants' agents, assigns, attorneys, heirs, successors, executors and administrators (the "Listed Defendants").

WHEREAS, Plaintiff filed, in the United States District Court for the Southern District of New York, a complaint under the docket 17-cv-07051 (LGS) in an action asserting violations of the Fair Labor Standards Act and New York Labor Law (hereinafter, the "Complaint"); and

{02065482.DOCX }

past, present, or future, employees of the Listed Defendants for the same or similar causes of action against Defendants, including but not limited to, Jose Campos, Pamela Scarlett and the cleaner, Gaspar.

3. **Consideration**: Upon the full execution of this Agreement and the Stipulation of Dismissal with Prejudice (in the form annexed hereto as Exhibit A), the Listed Defendants agree to pay Plaintiff a total sum of Seventeen Thousand Five Hundred Dollars and No Cents ($17,500.00) in one lump as provided in Paragraph 4 herein. Plaintiff agrees and affirms that this payment shall constitute the entire amount of monetary consideration provided to him and his legal counsel under this Agreement and that neither Plaintiff nor his legal counsel will seek any further compensation for any other claimed damages, costs, disbursements, or attorneys' fees in connection with any of the matters encompassed in this Agreement or any aspect of Plaintiff's relationship with the Listed Defendants unless the Listed Defendants fail to abide by the terms of the Agreement. Plaintiff further represents that both he, and Plaintiff's counsel, are not aware of any other, former or current employees of the Listed Defendants with similar claims as those encompassed, asserted or raised in the Pending Action.

4. **Pay Schedule**: The Listed Defendants agree to pay to Plaintiff a total sum of Seventeen Thousand Five Hundred Dollars and Zero cents ($17,500.00) (the "Payment"), within fifteen (15) calendar days following with the Court's final approval of this Agreement, The Listed Defendants shall deliver to Plaintiff's counsel The Law Offices of Jacob Aronauer, c/o Jacob Aronauer, Esq., 225 Broadway, 3rd floor, New York, New York 10007, the following payments:

One check will be in the gross amount of Eleven Thousand and Five Hundred Dollars and Zero cents ($11,500.00) to Luis Lopez, and a second check will be in the gross

amount of Six Thousand and Zero cents ($6,000.00) to The Law Offices of Jacob Aronauer for attorneys' fees and expenses. Plaintiff represents that its counsel, The Law Offices of Jacob Aronauer, shall receive $6,000.00 for attorneys' fees, costs and expenses from this settlement amount.

5. **Taxes:** Plaintiff agrees that he will be solely responsible for any and all taxes payable by each of them with respect to the Settlement Payments, and agrees that he will file the appropriate income tax return(s) for calendar year 2017 or 2018, whichever is applicable, reflecting the above payments, and will pay the taxes related thereto in a timely manner.

6. **Additional Payment in Event of Default:** Plaintiff agrees that if a breach of Paragraph 4 (Payment Schedule) occurs, Plaintiff's counsel will provide a fifteen (15) business days-notice to cure Defendants' breach by sending a written notice of the breach by facsimile and email transmission to the Listed Defendants' counsel Jacob Lewin at jelewin@arfdlaw.com. In the event that the Listed Defendants fail to timely cure within fifteen (15) days, Plaintiff shall be entitled to submit a judgment for entry by Affidavit of Confession of Judgment along with reasonable attorneys' fees without further notice against 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen or Matt Levine, individually, in the United States District Court, Southern District of New York, for the settlement sum along with reasonable attorneys' fees.

7. **Release of Individual Defendant Adam Maciejewski:** Upon full payment by the Listed Defendants, Plaintiff will release Defendant Adam Maciejewski with prejudice.

8. **Affidavit of Confession of Judgment:** Defendant Matt Levine shall execute the Affidavit of Confession of Judgment, annexed hereto as Exhibit B, and return it to Plaintiff's counsel with this executed Agreement. The original Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel and, upon satisfaction of the payment obligations

set forth in this Agreement, shall be destroyed. Plaintiff's attorney will send an affirmation to Defendants' attorney stating that the Listed Defendants have fully satisfied the conditions of the Stipulation of Settlement, and that the Confession of Judgment has been destroyed.

9.  **Releases by Parties:**

    a. In consideration of the promises and payments provide in this Agreement, Plaintiff hereby irrevocably and unconditionally waive, release and forever discharge the Listed Defendants arising out of or related to those matters that are the subject of the above-reference lawsuit, i.e. the Fair Labor Standards Act, the New York Labor Law, the New York Hospitality Wage Order, and the New York Restaurant Industry Wage Order, and in particular any claim for unpaid wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties, and other related penalties, and other related penalties, as well as all associated attorneys' fees and costs.

    b. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for the Listed Defendants and it does not release or discharge any claims that may occur after that date.

    c. In consideration of the promises herein, Defendants, individually together with, but not limited to, their respective owners, affiliates, subsidiaries, parent corporations, spouses, estates, descendants, heirs, successors, assigns, agents, insurers, reinsurers, and present and former officers, directors, shareholders, partners, employees and attorneys hereby completely, unconditionally and forever releases, acquits and discharges Plaintiff and successors, agents and assigns, from any and all claims in relation to their claims in the complaint, against the Plaintiff.

10. **Non-Disclosure and Communications:**

    a. Plaintiff and Plaintiff's counsel will not discuss the terms of this Agreement on

social media. Plaintiff is prohibited from initiating contact with individuals to discuss the Settlement.

b. Plaintiff's Counsel confirms that they will not advertise or otherwise solicit clients by using this Lawsuit or Agreement and will not upload and, if applicable, have removed any reference from their website and any promotional material about the Lawsuit or the Settlement Agreement.

c. Nothing in this Agreement shall prevent the Listed Defendants from filing any required regulatory disclosures regarding the Lawsuit or complying with its obligations under the law.

d. Plaintiff's Counsel will promptly notify Defendants' Counsel of any third-party request and/or demand that they disclose information pertinent to this Agreement, specifying the identity or identities of the individuals or entities making such a demand.

11. **Non-disparagement:** Plaintiff agrees not to make, utter, speak, write, or in any other manner, transmit or communicate to any person or entity any disparaging remark about any of Defendants. The Listed Defendants agree not to make, utter, speak, write, or in any other manner, transmit or communicate to any person or entity any disparaging remark about Plaintiff. This paragraph, though, shall not be interpreted to prevent Plaintiff from making truthful statements concerning the Fair Labor Standards Act claims and defenses asserted in this action. This includes, but is not limited to, having to testify at a deposition or at a trial.

12. **Governing Law:** This Agreement is to be construed and governed under the laws of the State of New York, without regard to choice of law considerations, and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions

shall continue in full force and effect notwithstanding. Plaintiff acknowledges that he has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

13.   **Jurisdiction**: By entering into this Agreement, the parties hereby agreed that the Southern District of New York ("SDNY"), United States District Court retains jurisdiction of this matter.

14.   **Enforceability**: If any provision of this Agreement is held by a court of competent jurisdiction to be illegal or unenforceable, such provision shall be severed from this Agreement and have no force and effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement.

15.   **Interpretation of Agreement**: The parties agree that any person or entity interpreting or construing this Agreement shall not apply a presumption that any of its provisions should be more strictly construed against the party who prepared the Agreement as all parties have fully participated in the preparation of all provisions of this Agreement.

16.   **Headings**: The headings in this Agreement are for the convenience of the parties and are not intended to modify the terms of the Agreement.

17.   **Voluntary Agreement**: Plaintiff and the Listed Defendants agree and affirm that:

a. They have carefully read and fully understand all of the provisions of this Agreement;

b. They were advised and hereby are advised to consider carefully the terms of this Agreement and consult with an attorney prior to executing this Agreement;

c. They have been given a reasonable time to consider their rights and obligations

under this Agreement and to consult with an attorney before executing it;

  d. They have consulted with their attorney of choice before executing this Agreement;

  e. This Agreement is legally binding, and by signing it, they understand that they are giving up certain rights, including their right to pursue the claims raised in the Complaint.

  f. No promise or representation of any kind or character has been made by any of the Listed Defendants or by anyone acting on their behalf to induce this Agreement, and that they have not been forced or pressured in any way to sign this Agreement;

  g. They are, through this Agreement, releasing all of the Listed Defendants from any all claims that they may have against any of them in exchange for the payment described herein;

  h. They knowingly and voluntarily agree to all of the terms set forth in this Agreement, and intend to be legally bound by them.

  18. **Complete Agreement:** This Agreement sets forth the entire agreement between the parties, and fully supersedes any and all prior or contemporaneous agreements or understandings between them. This Agreement may not be altered, amended, modified, superseded, canceled or terminated except by an express written agreement duly executed by all the parties, or their attorneys on their behalf, which makes specific reference to this Agreement.

  19. **Counterparts:** This Agreement may be executed in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document. A copy of a party's signature on this Agreement shall be acceptable in any action against that party to enforce this Agreement.

  **WHEREFORE,** the undersigned subscribe to this Agreement, as it applies to each, as of the date(s) set forth below opposite their respective signatures.

Dated: 11/27/17 _____  _____
LUIS LOPEZ

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF New York )

On this 27 day of Nov, 2017, before me, the undersigned, appeared LUIS LOPEZ personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed of New York, subscribed to it.

_____
Notary Public

[Notary stamp: Jacob Aronauer, Notary Public, State of New York, Qualified in New York County, No. 02AR6360901, Commission Expires on June 26, 2021]

Dated: 11/30/17 _____  _____
MATT LEVINE

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF New York )

On this 30 day of November, 2017, before me, the undersigned, appeared MATT LEVINE personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and he executed the above agreement by free act and deed, and thereby subscribed to it.

_____
Notary Public

[Notary stamp: Lily Yong Zheng, Notary Public, State of New York]

Dated: 11/30/17 _____  _____
Indiefork Times Square, LLC,
Indiefork Walker, LLC,
Indiefork Gospel, LLC, d/b/a

9

Chalk Point Kitchen and The<br>
Handy Liquor Bar<br>
BY:   MATT LEVINE<br>
TITLE:  OWNER

STATE OF NEW YORK ) <br>
                           ) ss.: <br>
COUNTY OF New York

On this 27 day of November, 2017, before me, the undersigned, appeared JACOB ARONAUER personally known to me or proved to me on the basis of satisfactory evidence to be that individual, and represented, under oath, that he is not aware of any other, former employees of the Listed Defendants with similar claims as those encompassed, asserted or raised in the Pending Action.

_____<br>
Notary Public

MICHAEL ALTMAN<br>
Notary Public, State of New York<br>
No. 02AL6267892<br>
Qualified in New York County<br>
Commission Expires August 20, 2020

Dated: 11/27/17

_____<br>
JACOB ARONAUER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS LOPEZ, on behalf of himself
and other similarly situated,

                              Plaintiff,

-against-

INDIEFORK TIMES SQUARE, LLC,
INDIEFORK WALKER, LLC,
INDIEFORK GOSPEL, LLC d/b/a
CHALK POINT KITCHEN and THE
HANDY LIQUOR BAR, and
MATT LEVINE and ADAM
MACIEJEWSKI, individually,

                              Defendants.

Docket No. 17-cv-07051
(LGS)

**STIPULATION AND
ORDER OF DISMISSAL**

---

      IT IS HEREBY STIPULATED AND AGREED, by and between the parties in the above captioned action, through the undersigned counsel, that the action (and all claims and causes of action that were or could have been asserted in it) be withdrawn, discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure.

_____
By: Jacob Aronauer, Esq.
THE LAW OFFICE OF JACOB ARONAUER
225 Broadway, 3rd floor
New York, New York 10007
*Attorney for Plaintiff*

Dated: 11/30/, 2017

_____
By: Jacob Lewin, Esq.
AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP
600 3rd Avenue
New York, NY 10016
*Attorney for the Listed Defendants*

Dated: 11/30/2017

**SO ORDERED.**
Dated: _____, 20\_\_

                                                        Hon. Lorna G. Schofield

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

| | |
|---|---|
| LUIS LOPEZ, on behalf of himself and other similarly situated, | Docket No. 17-cv-07051 (LGS) |
| Plaintiff, | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| -against- | |
| INDIEFORK TIMES SQUARE, LLC, INDIEFORK WALKER, LLC, INDIEFORK GOSPEL, LLC d/b/a CHALK POINT KITCHEN and THE HANDY LIQUOR BAR, and MATT LEVINE and ADAM MACIEJEWSKI, individually, | |
| Defendants. | |

------------------------------------------------------------

STATE OF NEW YORK  )
                   ): ss:
COUNTY OF NEW YORK )

MATT LEVINE, being duly sworn, deposes and says:

1. I, Matt Levine, am an owner of 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen, incorrectly sued herein as Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC, d/b/a Chalk Point Kitchen and The Handy Liquor Bar, and has an address at 525 Broome Street, New York, NY 10013.

2. I have authority to sign on behalf of 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen, incorrectly sued herein as, Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC, d/b/a Chalk Point Kitchen and The Handy Liquor Bar and am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen, incorrectly sued herein as Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC, d/b/a Chalk Point Kitchen and The Handy Liquor Bar.

3. I, Matt Levine individually, hereby confess judgment and authorize entry of judgment against myself and 525 Broome Street Restaurant, LLC, d/b/a Chalk Point Kitchen, incorrectly sued herein as Indiefork Times Square, LLC, Indiefork Walker, LLC, Indiefork Gospel, LLC, d/b/a Chalk Point Kitchen and The Handy Liquor Bar ("collectively Defendants"), jointly and severally, in favor of Plaintiff for the sum of Thirty-Thousand Dollars and Zero Cents ($30,000), pursuant to the terms of the Settlement Agreement and Release (the "Settlement Agreement"), entered into and

signed by Plaintiff and the Listed Defendants in the above-captioned proceeding, together with statutory costs and pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment and interest on the judgment as provided in 28 U.S.C. § 1961.

4. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action, which was settled pursuant to a written agreement approved by the United States District Court, Southern District of New York.

6. I hereby represent my understanding that upon the Listed Defendants' breach of the Settlement, Plaintiff shall have the unqualified rights to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the corporations stated herein, collectively or individually, have any ownership interest.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, The Law Offices of Jacob Aronauer, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release. Plaintiff's attorney will send an affirmation to the Listed Defendants' attorney stating that the Listed Defendants have fully satisfied the conditions of the Stipulation of Settlement, that the Confession of Judgment has been destroyed.

_____
MATT LEVINE

State of New York ) ss
County of New York )

Sworn to before me this
30 day of November 2017

_____
Notary Public

Date: 11/20/17

13